

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 01-1062-PCT-MHM |
|     Plaintiff, ) | |
| v. ) | **ORDER** |
| Lezmond Mitchell, Johnnie Orsinger and ) Gregory Nakai, ) | |
|     Defendants. ) | |

    Pending before the Court is a motion filed by the government requesting that the defendants be precluded "from introducing any exculpatory statements that they may have made to law enforcement or others through anyone other than themselves" (the "Exculpatory Statements"), as such Statements "constitute inadmissible hearsay." (File doc. 122 at 1.)[1] Defendant Mitchell does not dispute that the Exculpatory Statements are hearsay. (File doc. 128.) Instead, he contends that "at least one of [his] interviews with law enforcement was recorded," and that "the entire recorded statement," including an Exculpatory Statement by Mitchell denying participation in the murders, should be admitted "[t]o the extent that the government intends to introduce any part of that interview." (Id. at 1-2.) In support of his argument, Mitchell does not rely on an exception to the hearsay rule, but instead contends that the referenced Exculpatory

---

[1] "File doc" refers to documents in this Court's file.

1  Statement is required to be admitted under "the rule of completeness" rationale drawn
2  from Rule 106 of the Federal Rules of Evidence.  Id.
3       The Court agrees with the government that any and all Exculpatory Statements
4  constitute inadmissible hearsay unless they are testified to by the defendants themselves.
5  Furthermore, the rule of completeness does not render admissible the evidence which is
6  otherwise inadmissible under the hearsay rules.  Thus, even written and recorded
7  Exculpatory Statements are inadmissible hearsay unless testified to by the defendants.
8  Accordingly, the Court holds that the defendants may not introduce Exculpatory
9  Statements unless they testify to those statements themselves.

10       DISCUSSION
11       The evidentiary rules which properly govern the admissibility of defendants'
12  Exculpatory Statements are contained within the hearsay rule and the exceptions thereto.
13  See Fed.R.Evid. 801-804.  Admissions by a party opponent are not considered hearsay
14  and therefore can be admitted against that party.  See Fed.R.Evid. 801(d)(2).  The Federal
15  Rules of Evidence do not, however, provide an exception for self-serving, exculpatory
16  statements made by a party which are being sought for admission by that same party.  See
17  Fed.R.Evid. 803-804; see also United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000)
18  ("[S]elf-inculpatory statements, when offered by the government, are admissions by a
19  party-opponent and are therefore not hearsay, see Fed.R.Evid. 801(d)(2), but the non-self-
20  inculpatory statements are inadmissible hearsay.") (quoting Williamson v. United States,
21  512 U.S. 594, 599 (1994) (finding that "[t]he fact that a person is making a broadly self-
22  inculpatory confession does not make more credible the confession's non-self-inculpatory
23  parts [which are hearsay]")).
24       In the present case, if the Court were to permit defendants to elicit their
25  Exculpatory Statements on cross-examination of the law enforcement or other witnesses,
26  defendants would be allowed to place such self-serving Exculpatory Statements "before
27  the jury without subjecting [themselves] to cross-examination, precisely what the hearsay
28  rule forbids."  United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam).

1  Thus, regardless of whether defendants' Exculpatory Statements are written, oral or
2  recorded, they are inadmissible hearsay, and therefore may only be testified to by
3  defendants themselves.

4  Mitchell contends the Court will violate the rule of completeness, see Fed.R.Evid.
5  106, if it does not permit defendants to elicit recorded Exculpatory Statements from the
6  government's witnesses on cross-examination. For two reasons, the Court rejects this
7  argument.

8  First, Rule 106 is inapplicable to the Exculpatory Statements. The common law
9  doctrine of completeness has been partially codified in Rule 106 of the Federal Rules of
10 Evidence.[2]  Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-72 (1988). Rule 106
11 applies only to writings or recorded statements, and provides that "the opponent, against
12 whom a part of an utterance has been put in, may in his turn complement it by putting in
13 the remainder, in order to secure for the tribunal a complete understanding of the total
14 tenor and effect of the utterance." Id. at 171 (citation omitted). The purpose of Rule 106
15 is to prevent a party from misleading the jury by allowing into the record relevant portions
16 of the excluded testimony which clarify or explain the part already received. See Orr v.
17 Bank of America, NT & SA, 285 F.3d 764, 775 n.15 (9th Cir. 2002). Thus, the rule of
18 completeness is protective only, in that it functions as a defensive shield against
19 potentially misleading evidence proffered by an opposing party. See United States v.
20 Collicott, 92 F.3d 973, 981 n.9 (9th Cir. 1996) ("Only if the evidence by one party needs
21 to be met or explained away by the other side does its mere introduction provide
22 independent warrant for the introduction of other evidence.") (citation omitted).

23 In the present case, "portions of the defendants' statements that directly implicate
24 them in the murders and other charges" (i.e., the defendants' inculpatory statements),

---

[2]  Rule 106 provides as follows: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

1  which the government plans to introduce as admissions under Fed.R.Evid. 801(d)(2) (File
2  doc. 122 at 2), do not require the admission of defendants' additional self-serving
3  exculpatory comments for completeness. Thus, the government's plan to omit
4  defendants' Exculpatory Statements from testimony concerning their inculpatory
5  statements does not, without more, make the Exculpatory Statements admissible under the
6  rule of completeness.
7      Second, even assuming the rule of completeness were to apply here, defendants'
8  Exculpatory Statements are inadmissible hearsay unaffected by Rule 106. The Ninth
9  Circuit holds that the completeness doctrine embodied in Rule 106 may not be used to
10 render admissible the evidence which is otherwise inadmissible under the hearsay rules.
11 See Collicott, 92 F.3d at 983 (finding that the rule of completeness does "not render
12 admissible the evidence which otherwise is inadmissible under hearsay rules") (quoting
13 United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996)); see also United States v.
14 Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981) (court did not abuse its discretion in
15 excluding evidence under Rule 106 because it was irrelevant and inadmissible hearsay).
16 Thus, even if the rule of completeness applied to the written or recorded Exculpatory
17 Statements, exclusion of such Statements is required under the hearsay rules as
18 inadmissible hearsay. Accordingly, the Court holds that defendants' self-serving
19 Exculpatory Statements are inadmissible hearsay that cannot be made admissible under
20 the Rule 106 doctrine of completeness.[3]

---

[3] The Court notes that precluding defedants from eliciting inadmissible hearsay on cross-examination, given that they made the Exculpatory Statements themselves, is not a severe limitation on cross-examination. Ortega, 203 F.3d at 683; Fernandez, 839 F.2d at 640 (finding that due process does not require that a defendant be allowed to present exculpatory hearsay statements).

1  The Court being fully advised,

2  **IT IS HEREBY ORDERED** granting the government's motion in limine to
3  preclude defendants from introducing exculpatory statements they made to law
4  enforcement agents or through others except themselves.  (File doc. 122.)

6  DATED this  10th  day of March, 2003.

                                        _____
                                        MARY H. MURGUIA
                                        United States District Judge