UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 1 9 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

United States of America

v.

**LEZMOND CHARLES MITCHELL**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

No. CR 01-001062-001-PCT-MHM

Jeffrey A. Williams (AFPD); Gregory A. Bartolomei (AFPD); John M. Sears (CJA).
Attorney for Defendant

USM#: 48685-008    DOB: 9-17-81    SSN: 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

**THERE WAS A** verdict of guilty as to Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven of the Second Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSES:** violating Title 18, USC §1153, 1111 and 2, CIR First Degree Murder, Aid and Abet, a Class A Felony offense, as charged in Count One and Five of the Second Superseding Indictment;
violating Title 18 USC 2119 and 2, Carjacking Resulting in Death, Aid and Abet, a Class A felony offense, as charged in Count Two of the Second Superseding Indictment;
violating Title 18 USC 1111, 2111, and 2, CIR Felony Murder, Robbery, Aid and Abet, a Class A Felony offense, as charged in Count Three of the Second Superseding Indictment;
violating Title 18, 1153, 2111, and 2, Robbery, Aid and Abet, a Class C Felony offense, as charged in Counts Four, Eight and Ten of the Second Superseding Indictment;
violating Title 18 USC 1153, 1111, 1201(a)(2), and 2, a Class A Felony offense, as charged in Count Six of the Second Superseding Indictment;
violating Title 18 USC 1153, 1201(a), and 2, a Class A Felony offense, as charged in Count Seven of the Second Superseding Indictment;
violating Title 18 USC 924(c)(1)(A)(i, ii, and iii), and 2, a Class A Felony offense, as charged in Counts Nine and Eleven of the Second Superseding Indictment.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay to the Clerk, U.S. District Court, Attn: Finance, Suite 130, 401 West Washington St., SPC 1, Phoenix, Arizona 85003-2118, the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $1,100    **FINE:** $    **RESTITUTION:** $23,069.19

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

All monetary penalties are due immediately or in regular monthly installments. If incarcerated, payments shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance shall become a condition of supervision and shall be paid within 90 days the expiration of supervision in an amount of not less than $200 per month. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.

425

9/16/03 10:16am

Case 3:01-cr-01062-DGC   Document 425   Filed 09/15/03   Page 2 of 6

CR 01-001062-001-PCT-MHM                                                    Page 2 of 5
USA vs. LEZMOND MITCHELL

The Court hereby waives the imposition of interest and penalties on any unpaid balances.

The total special assessment of $1,100 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count One through Eleven of the Second Superseding Indictment.

Restitution shall be paid to the following victims in the following amounts:

Apache County Victims Compensation Program: $7,500; family of Alyce Slim and Tiffany Lee in care of Geraldine Slim: $10,687.69; Charlotte Yazzie: $81.50; Geraldine Slim: $1,800; Melvin Slim: $1,500; Leo Slim: $1,500, to be paid jointly and severally with the co-defendants in this case.

## EXECUTION

Pursuant to the Federal Death Penalty Act of 1994, specifically, Section 3594 of Title 18 of the United States Code, pursuant to the jury's special findings returned on May 20, 2003, and pursuant to the jury's unanimous vote recommending that the defendant be sentenced to death,
**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant, Lezmond Charles Mitchell, be sentenced to **death** on Count Two of the Second Superseding Indictment.
The judgment and death sentence on Count Two is supported by independent verdicts with regard to each victim. Furthermore, pursuant to Title 18, Section 3596 of the United States Code, the defendant is hereby committed to the custody of the Attorney General of the United States until exhaustion of the procedures for appeal of the judgment and conviction and for review of the sentence. When the sentence is to be implemented, the Attorney General shall release the defendant to the custody of the United States Marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State of Arizona.

## IMPRISONMENT

As to the remaining counts, pursuant to the Sentencing Reform Act of 1984,
**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant, Lezmond Charles Mitchell, is hereby committed to the custody of the Federal Bureau of Prisons for two consecutive **life terms plus 84 months.**
The term consists of life on Counts One, Three, Six and Seven and terms of **180 months** on each of Counts Four, Eight and Ten, all counts to be served CONCURRENTLY;
a term of **life** on Count Five to be served CONSECUTIVE to the life terms imposed on each of Counts One, Three, Six and Seven;
a term of **84 months** on Count Nine to be served CONSECUTIVE to the life term imposed on Count Five;
and a term of **300 months** on Count Eleven to be served CONSECUTIVE to the term imposed on Count Nine.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **SIXTY (60) MONTHS** on Count One, Three, Five, Six, Seven, Nine and Eleven and for a term of **THIRTY SIX (36) MONTHS** on Count Four, Eight and Ten, terms to run CONCURRENTLY.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

For offenses committed on or after September 13, 1994: The defendant shall refrain from any

Case 3:01-cr-01062-DGC   Document 425   Filed 09/15/03   Page 3 of 6

CR 01-001062-001-PCT-MHM                                                    Page 3 of 5
USA vs. LEZMOND MITCHELL

unlawful use of a controlled substance. Pursuant to 18 USC §3563(a)(5) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

The defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 99-9:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Possession of controlled substances will result in mandatory revocation of your term of supervision. If ordered by the Court to participate in a drug and/or alcohol abuse treatment program, you shall totally abstain from the use of any alcoholic beverages or other intoxicants during and after the course of your treatment.
9) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
10) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
13) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
15) You shall refrain from possessing a firearm, destructive device, or other dangerous weapon. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases unless special condition imposed by Court.
16) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and at least two periodic substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
17) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
18) The balance of any financial obligation ordered by this Court shall be paid in regular monthly installments approved by the probation officer, the full amount to be paid 90 days prior to expiration of supervision. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

Case 3:01-cr-01062-DGC   Document 425   Filed 09/15/03   Page 4 of 6

CR 01-001062-001-PCT-MHM                                                  Page 4 of 5
USA vs. LEZMOND MITCHELL

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You shall submit to search of person, property, vehicles, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction of, the probation officer.

3. You shall provide the probation officer access to any requested financial information.

4. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

5. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

6. You shall not contact the following victims, families of Alyce Slim and Tiffany Lee, and the probation officer will verify compliance.

7. You are prohibited from owning, maintaining or using a firearm.

8. You shall not be involved with gang activity, possess any gang paraphernalia or associate with any person affiliated with a gang.

9. You shall abstain from all use of alcohol or alcoholic beverages.

10. You shall cooperate in the collection of DNA as directed by the probation officer.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL WITHIN 10 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons.

Date of Imposition of Sentence: **Monday, September 15, 2003**

_____                    Date _September 19, 2003_
MARY H. MURGUIA, United States District Judge

9/16/03 10:23am

Case 3:01-cr-01062-DGC   Document 425   Filed 09/15/03   Page 5 of 6

CR 01-001062-001-PCT-MHM                                              Page 5 of 5
USA vs. LEZMOND MITCHELL

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____      By:_____
United States Marshal                                                Deputy Marshal

CC: USA/CNSL(Jeffrey A. Williams)/PROB(2)/PTS/FIN/JUDGE/USM(2 certified)/Order Book

CR 01-001062-001-PCT-MHM - MITCHELL

9/16/03 10:16am

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

## ELECTRONIC CERTIFICATION

I hereby attest and certify on September 19, 2003
that the foregoing document is a full, true and correct copy of the original
on file in my office and in my custody.

CLERK, U. S. DISTRICT COURT
DISTRICT OF ARIZONA

By _____ Deputy Clerk

Electronic Certification Issued pursuant to General Order 99-3

Verification Code_V\DRSWhk\hT